IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FREDERICK BROWN,

    Plaintiff,

    v.

JUERGEN KAUFMANN,

    Defendant.

CIVIL ACTION FILE
NO. 1:22-CV-2780-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 13], which is DENIED.

## I. Background[1]

This case arises from alleged injuries that the Plaintiff sustained on May 30, 2016, during a car accident between him and the Defendant. (Def.'s Statement of Undisputed Material Facts ¶ 1). The reporting officer cited the Defendant for following too closely. (Pl.'s Statement of Additional Undisputed Material Facts ¶ 1). On the day after the accident, the Plaintiff visited his chiropractor for treatment and was diagnosed with various back injuries. (*Id.* ¶¶ 2–4). The Plaintiff originally filed this suit in Henry County Superior Court on March 24, 2017, but the case was dismissed without prejudice on March 23,

---

[1] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

2022. (Def.'s Statement of Undisputed Material Facts ¶ 4–5 (citing Compl. ¶ 1); Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts ¶ 4). The Plaintiff then refiled this action in Henry County Superior Court on May 26, 2022, and the Defendant timely removed to this Court on July 15, 2022. (Def.'s Statement of Undisputed Material Facts ¶¶ 5–6). The Defendant now moves for summary judgment as to the Plaintiff's negligence claim.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III. Discussion

The Defendant contends that he is entitled to summary judgment on the Plaintiff's negligence claim because the Plaintiff has failed to present any competent medical evidence or expert testimony that establishes a causal

connection between the Plaintiff's alleged injuries and his actions. (Br. in Supp. of Def.'s Mot. for Summ. J., at 9). In response, the Plaintiff argues that a genuine dispute of material fact exists as to causation because the records of his treating chiropractor, Dr. Helen Levinson, substantiate that the accident caused his injuries and because expert testimony is not required to prove causation. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 4–8).

Generally, "where the symptoms complained of emerge immediately or soon after the event alleged to have caused them, and it is common knowledge that such an event is one that could cause that kind of injury, a reasonable jury could draw conclusions about proximate cause." *Bruce v. Classic Carrier, Inc.*, 2014 WL 1230231, at *7 (N.D. Ga. Mar. 24, 2014).

> Expert evidence is only necessary where the issue of causation presents "specialized medical questions," i.e., where the link between a defendant's actions and the plaintiff's injury is beyond common knowledge and experience and presents medical questions that can be answered accurately only by witnesses with specialized expert knowledge. For example, a causal connection, requiring medical testimony, must be established where the potential continuance of a disease is at issue.

*Martin v. Prospect Airport Servs., Inc.*, 2022 WL 2192228, at *3 (N.D. Ga. June 17, 2022) (quotation marks, alteration, and citation omitted); *see also Cowart v. Widener*, 287 Ga. 622, 628 (2010) ("[W]hether an automobile collision caused a backache later the same day is not the type of medical question that requires expert testimony." (citing *Jordan v. Smoot*, 191 Ga. App. 74, 74 (1989))).

Here, the Plaintiff clearly offers evidence that the alleged car accident caused the injuries to his back. (*See* Levinson Aff., Doc. 14-1).[2] And because the Plaintiff's alleged injuries to his back from the car accident are not the sort that would require specialized medical testimony to establish causation, his failure to proffer an expert in support of his case does not warrant entry of summary judgment against him. *See Martin*, 2022 WL 2192228, at *3. Moreover, even if his injuries resulted from preexisting conditions or from an earlier car accident in 2004 and 2007, the Defendant offers no evidence that the Plaintiff was suffering from or experiencing the effects of the injuries from those earlier collisions when the 2016 accident occurred. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 6–7 (citing *Cooper v. Marten Transp., Ltd.*, 539 F. App'x 963, 968 (11th Cir. 2013))). And even if the Defendant had offered such evidence, it would merely "create[] a dispute of material fact that the district court [is] not authorized to resolve at the summary judgment stage." *Cooper*, 539 F. App'x at 968. Therefore, the Defendant is not entitled to summary judgment on the Plaintiff's negligence claim.

---

[2] Dr. Levinson's testimony encompasses both lay opinions as to her examination and diagnosis of the Plaintiff and expert opinions as to causation of the Plaintiff's injuries. *See Wilson v. Taser Int'l, Inc.*, 303 F. App'x 708, 712–13 (11th Cir. 2008). To the extent the Plaintiff's failure to make a Rule 26(a)(2)(c) expert disclosure was prejudicial, the Court concludes that any such prejudice was harmless because the Defendant had notice of Dr. Levinson's treatment records during discovery. *See Williams v. United States*, 2020 WL 13540304, at *5 (N.D. Ga. Nov. 6, 2020). And even if the Defendant suffered prejudice from the non-disclosure of Dr. Levinson as an expert witness, such prejudice could be cured by granting leave to depose her. *See id.*

## IV. Conclusion

For the foregoing reasons, the Defendant's Motion for Summary Judgment [Doc. 13] is DENIED.

SO ORDERED, this ⎯⎯5th⎯⎯ day of December, 2023.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge